**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4961**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MANTEL DELANCE MUBDI,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:08-cr-00051-RLV-DCK-1)

---

Submitted:  September 11, 2014     Decided:  September 15, 2014

---

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mantel Delance Mubdi appeals the 195-month sentence imposed by the district court following remand by this court for resentencing in light of Alleyne v. United States, 133 S. Ct. 133 (2013). On appeal, Mubdi contends that his sentence is substantively unreasonable and that the district court erred in increasing the statutory mandatory minimum sentence on his drug convictions based on the fact of a prior conviction. Finding no error, we affirm.

Mubdi first contends that his sentence is substantively unreasonable because of the unwarranted sentencing disparity resulting from the crack-to-powder ratio established by the Fair Sentencing Act of 2010. In reviewing the substantive reasonableness of a sentence, we must "take into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence imposed is within the appropriate Sentencing Guidelines range, "we apply a presumption of reasonableness." United States v. Weon, 722 F.3d 583, 590 (4th Cir. 2013). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In considering the totality of the circumstances, we conclude that Mubdi has not rebutted the presumption of reasonableness accorded to his within-Guidelines sentence. Thus, the district court did not abuse its discretion in declining to vary downward from the Sentencing Guidelines and choosing to impose a within-Guidelines sentence. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review); see also Gall, 552 U.S. at 46, 51.

Next, Mubdi contends that the district court erred in increasing the statutory mandatory minimum sentence on his drug convictions based on the fact of a prior conviction. As Mubdi concedes, however, this claim is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998). See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) (stating that "Almendarez-Torres remains good law"), petition for cert. filed, __ U.S.L.W. __ (June 16, 2014) (No. 13-10640).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED